[No. S014688. Dec. 20, 1990.]

PAUL CHARLES BARNUM, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

COUNSEL

Kenneth K. Kocourek for Petitioner.

Diane C. Yu, Richard J. Zanassi and Russell Weiner for Respondent.

OPINION

**THE COURT.**—We review the recommendation of the State Bar Court that petitioner Paul Charles Barnum be disbarred from the practice of law.

Petitioner collected an unconscionable fee, willfully disobeyed court orders compelling him to explain or return the fee, and refused to participate in the disciplinary investigation. Although only one client matter is involved, several facts suggest the risk of recurrence is high. Petitioner has been formally disciplined once before for similar misdeeds, which began only five years after admission to the bar and ended only one year before the instant conduct began. Indeed, he was participating in the prior disciplinary proceeding and purportedly expressing remorse at the time these acts occurred. No compelling life or work stresses appear on the record.

Petitioner is not a good candidate for suspension and/or probation. He has breached two separate terms of our prior disciplinary order, leading to the imposition of additional sanctions. He also defaulted before the State Bar here and in one other proceeding. Disbarment is consistent with the Standards for Attorney Sanctions for Professional Misconduct. (Rules Proc. of State Bar, div. V (standards).) We therefore adopt the State Bar Court's recommendation.

BACKGROUND

A. *Prior Discipline*

Petitioner was admitted to the bar in December 1977.

In an order filed September 28, 1988, and effective October 28, 1988, we suspended petitioner for one year, stayed execution of suspension, and placed him on probation for one year on conditions which included the filing of quarterly reports in 1989, but no actual suspension. We further ordered that he take and pass the Professional Responsibility Examination within one year of the effective date of our order. (Bar Misc. No. 5779.)

The underlying misconduct consisted of petitioner's willful neglect of one set of clients between December 1982 and June 1983, and another set of clients between January 1985 and May 1986. Petitioner was also found culpable in both matters of failing to return client papers on time, and failing to return unearned fees until February 1987—after the State Bar began its investigation. We note that the notice to show cause was served in April 1987. Petitioner represented himself and, at the October 1987 hearing, admitted culpability, expressed remorse, and placed primary blame on financial problems and overwork.

In an order filed December 6, 1989, and effective December 15, 1989, we suspended petitioner "pending further order of the court" for failure to pass the Professional Responsibility Examination within the time prescribed in our order of September 28, 1988.

Recently, on September 19, 1990, we ordered that petitioner's probation be revoked and that he be actually suspended from the practice of law for one year for failing to file all but the first quarterly report due in 1989, as required in our order of September 28, 1988. Because petitioner did not answer the notice to show cause served in July 1989, or appear before the hearing judge in November 1989, default was entered against him in the probation revocation matter. (See rules 552.1, 555, Rules Proc. of State Bar.) In aggravation, the hearing judge observed that petitioner's default reflected "lack of cooperation" with the State Bar, and that his failure to file the third and fourth quarterly reports after learning that sanctions would be imposed for failure to file the second one showed "indifference towards rectification."

B.  *Current Facts and Procedure*

The notice to show cause in this proceeding was filed February 27, 1989, and divided into two counts. Because petitioner did not file an answer or appear at the hearing before the State Bar referee on June 28, 1989, his default was entered. (See rules 552.1, 555, Rules Proc. of State Bar.)[1] At the

---

[1] There is no dispute that petitioner was properly served with notice of this action on March 3, 1989, as well as with notice of all other judicial and administrative actions mentioned herein.

hearing, respondent presented documentary and testimonial evidence establishing the following facts:

1. *Count 1—The Rivezzo Matter.* On December 15, 1986, petitioner was retained by Charles Rivezzo to handle a bankruptcy matter and received $10,000 in advance for attorneys fees. On January 30, 1987, petitioner filed a bankruptcy petition on Rivezzo's behalf. About four months later, on May 20, petitioner formally withdrew as attorney of record, substituting the client in his place.

Ten days later, Rivezzo hired new counsel, Herbert Niermann. According to Niermann, petitioner "fundamentally mishandled" the case by: (1) failing to protect certain commercial leases as assets of the bankrupt estate, and (2) misinforming the bankruptcy court that certain corporate debts were the client's personal debts.

John Tonery, an attorney employed by the United States Trustee and charged with supervising such matters, learned about petitioner's role in the Rivezzo case and suspected that he had improperly received attorneys fees without prior approval of the bankruptcy court.

At Tonery's insistence, the bankruptcy court set aside the substitution order on June 3, 1987, and ordered petitioner to file a fee application by June 13. Petitioner failed to comply. On September 1, the court ordered him to show cause why he should not be held in contempt at a hearing on September 10. Petitioner failed to appear. The court next ordered petitioner to return the $10,000 he had received from Rivezzo no later than September 28. Petitioner failed to comply. On October 19, the bankruptcy court issued a certificate of contempt to the federal district court for disposition. An order to show cause hearing was noticed for December 14 in district court. Petitioner did not appear. Based upon the bankruptcy court's certificate of contempt and petitioner's noncompliance with the order to show cause in district court, petitioner was held in contempt. A bench warrant issued, and petitioner was arrested and taken into custody. While in custody, he was brought before the district court and ordered to comply with the prior orders of the bankruptcy court no later than January 19, 1988. Petitioner apparently was released on his own recognizance and, on January 14, returned the $10,000 to Rivezzo.

2. *Count 2—Noncooperation with State Bar.* On June 2, 1988, before the notice to show cause was filed, S. Hank Oh, a State Bar investigator, wrote to petitioner to inform him that the bar had learned about the certificate of contempt in bankruptcy court. The letter indicated that an investigation was being conducted to determine whether petitioner had violated Business

and Professions Code sections 6068, subdivision (b) (recognizing duty to maintain respect towards the courts), and 6103 (authorizing discipline for willful violation of court order and breach of duty).[2] Petitioner was asked to provide any pertinent information or comments within 10 days. He did not respond.

In a second letter, dated July 7, 1988, Investigator Oh reminded petitioner of his duty to cooperate in the investigation (citing § 6068, subd. (i)). The letter noted that the State Bar had received no response to its prior letter, and that such response was necessary to the investigation. As before, petitioner was "strongly urge[d]" to respond within 10 days. He never replied.

## C. *Current Findings*

The State Bar Court found that, as charged in count 1, the Rivezzo matter, petitioner collected an unconscionable fee (former rule 2-107, Rules Prof. Conduct),[3] willfully refused to obey court orders (§ 6103), committed acts of moral turpitude (§ 6106), and violated his oath and duties as an attorney (§§ 6068, subds. (a) [duty to uphold the law], (b) [duty to maintain respect towards the courts], 6103 [breach of duty is grounds for discipline]).

The State Bar Court also found that, as charged in count 2, petitioner breached his duty to cooperate in the investigation and violated his oath and duties as an attorney (§§ 6068, subds. (a), (i) [duty to cooperate and participate in disciplinary investigation], 6103).

No mitigating circumstances were found. In aggravation, the State Bar Court noted that petitioner had a prior record of discipline involving client abandonment and failure to return unearned fees. It observed that petitioner "obviously ha[d] not learned his lesson," because he subsequently committed similar misconduct against Rivezzo. The State Bar Court further opined that, in violating court orders and refusing to cooperate in this proceeding, petitioner had "thumbed his nose" at the legal system. Disbarment was recommended to protect the public.[4]

---

[2] All further statutory references are to the Business and Professions Code.

[3] We refer to the Rules of Professional Conduct as they existed at the time the instant misconduct occurred. This court subsequently approved comprehensive rule revisions, operative May 27, 1989.

[4] We note that on November 14, 1989, the review department adopted the findings and conclusions made by the hearing referee on August 17, 1989. The one minor exception was that the department deleted a paragraph finding petitioner culpable of misconduct in a bankruptcy matter handled on behalf of a client other than Rivezzo. The department correctly reasoned that such misconduct had not been charged in the notice and could not fairly form

## DISCUSSION

### A. *Validity of the Findings*

Petitioner does not challenge the sufficiency of the evidence introduced on count 1, the Rivezzo matter. We have independently reviewed the record (*Carter v. State Bar* (1988) 44 Cal.3d 1091, 1096 [245 Cal.Rptr. 628, 751 P.2d 894]), consisting of: (1) certified copies of federal court documents, and (2) uncontroverted testimony by Trustee Tonery and Attorney Niermann. As noted, the evidence establishes that petitioner collected a $10,000 fee in violation of bankruptcy court procedures, provided wholly inadequate services in exchange for the fee, withdrew from the case, and disobeyed a total of four court orders issued over a six-month period requiring him to justify or disgorge the fee. We agree with the parties that all findings of misconduct in count 1 have been established by clear and convincing evidence. (*Maltaman v. State Bar* (1987) 43 Cal.3d 924, 932 [239 Cal.Rptr. 687, 741 P.2d 185].)

■ Petitioner insists, however, that the findings in count 2, concerning noncooperation with the State Bar, must be stricken. He notes that the sole evidence introduced on this count consists of the "hearsay" declaration of Investigator Oh, and copies of the letters sent to petitioner. Petitioner also observes that the referee mentioned the "wrong" burden of proof (preponderance of the evidence) when announcing his ruling on count 2 at the hearing.

We see no reason to disturb the State Bar Court's findings. To the extent petitioner is challenging the admissibility of evidence based on rules normally applicable in civil cases, such objections have been waived by his failure to appear and object below. (See rules 552.1, 555, 556, Rules Proc. of State Bar [ordinary rules of evidence apply in formal disciplinary hearings; however, charges are deemed admitted in default proceedings and examiner

the basis of discipline. (See *Guzzetta v. State Bar* (1987) 43 Cal.3d 962, 968 & fn. 1 [239 Cal.Rptr. 675, 741 P.2d 172, 65 A.L.R.4th 1].)

In its written decision, the review department explained its role in this default proceeding as follows: "No request for review has been filed. However, as part of the transition to the new State Bar Court system and under rules adopted by the State Bar Board of Governors, effective September 1, 1989, this Review Department created by [section] 6086.65 and appointed by the Supreme Court, must independently review the record . . . in matters . . . which were tried before September 1, 1989, [by] former referees of the State Bar Court[,] but assigned to the [Review] Department after September 1." (Citing rules 109, 452(a), Rules Proc. of State Bar.)

The review department also noted that it had not held oral argument because no petition for review had been filed and because the referee's decision was being adopted without substantial change. (Citing rule 452(b), Rules Proc. of State Bar.)

may introduce reliable evidence, including affidavits, regardless of "any common law or statutory rule" which might bar admission "over objection" in a court of law].)

To the extent petitioner is arguing that the findings in count 2 were not proven by clear and convincing evidence, he is mistaken. Regardless of any statements made at the hearing, the referee explicitly relied upon the correct burden of proof in his written decision. The review department adopted this decision as its own. More importantly, petitioner gives no reason why *this court* should discount the investigator's version of events. His out-of-court statements were made under oath and with personal knowledge. They establish, without contradiction, that petitioner was twice notified of his duty to cooperate in the investigation, and twice failed to respond in any manner whatsoever. We therefore uphold the findings of misconduct in this count.[5]

B. *Appropriate Discipline*

■ We exercise our independent judgment in selecting the appropriate discipline (*Slavkin* v. *State Bar* (1989) 49 Cal.3d 894, 904 [264 Cal.Rptr. 131, 782 P.2d 270]), but place great weight upon the State Bar Court's recommendation. (*In re Lamb* (1989) 49 Cal.3d 239, 245 [260 Cal.Rptr. 856, 776 P.2d 765].) ■ For several reasons, disbarment is not excessive.

As noted by the State Bar Court, petitioner appears unwilling or unable to learn from past professional mistakes. The Rivezzo matter involves essentially the same misconduct that gave rise to the prior disciplinary proceeding—taking fees from the client and then failing to earn or return them. Misconduct in the Rivezzo matter also occurred while petitioner was participating in formal disciplinary proceedings. The original notice to show

---

[5] We note that petitioner also argues that "the violation" of section 6103 should be stricken as a matter of law. However, he does not specify whether he is referring to the section 6103 violation found true in count 1 or count 2. In any event, both findings were proper here.

Section 6103 outlines two separate causes for disbarment or suspension: (1) "[a] wilful disobedience or violation of an order of the court requiring [the attorney] to do or forbear an act connected with or in the course of his profession, which he ought in good faith to do or forbear," and (2) "any violation of the oath taken by him, or of his duties as [an] attorney."

The State Bar Court correctly found that petitioner violated both prongs of section 6103 in count 1, the Rivezzo matter. He willfully disobeyed court orders and violated his "duties" to uphold the law and maintain respect towards the courts and judicial officers. (§ 6068, subds. (a), (b).)

The State Bar Court also correctly found that petitioner violated the second prong of section 6103 in count 2. Failure to cooperate in a disciplinary investigation is a violation of the "duties" of an attorney. (§ 6068, subds. (a), (i).)

cause in the prior action was served on April 6, 1987, one and one-half months *before* he purported to withdraw as Rivezzo's attorney of record. And, the hearing at which petitioner admitted culpability in the prior action occurred on October 20, 1987, almost two months *before* the federal district court issued its contempt order in the Rivezzo case.

Of greater concern is petitioner's wilful violation of court orders. Other than outright deceit, it is difficult to imagine conduct in the course of legal representation more unbefitting an attorney. Even though petitioner ultimately returned the $10,000 to Rivezzo as ordered, he did so only after being held in contempt and threatened with incarceration. As in the prior disciplinary action, where petitioner failed to return unearned fees until after the State Bar began its investigation, petitioner seems incapable of correcting his misdeeds except when compelled to do so. (See *Rosenthal* v. *State Bar* (1987) 43 Cal.3d 658, 664 [238 Cal.Rptr. 394, 738 P.2d 740].)

In addition, petitioner's failure to cooperate in the instant investigation is not aberrational. He has since declined to appear before the State Bar Court in both this action and the separate action leading to this court's revocation of probation on September 19, 1990. The instant petition for review represents petitioner's first appearance in this case.

The disciplinary recommendation is further supported by petitioner's poor performance on probation. As noted, our original disciplinary order of September 28, 1988, placed petitioner on probation for one year under routine conditions, with no actual suspension. He has since violated two terms of this order. First, he did not pass the Professional Responsibility Examination within the prescribed time, leading to our suspension order of December 6, 1989. Second, he failed to file the last three quarterly reports due in 1989, leading to our probation revocation order of September 19, 1990. We have no reason to believe that petitioner can or will comply with another probationary period here, even if coupled with a period of actual suspension.

In his petition for review, petitioner blames his misconduct and procedural default on "clinical depression" and a poor "emotional state." He insists he has been receiving "treatment" from one Dr. Paul Blair since January 1990, and will supplement the record with a copy of Dr. Blair's report "when it becomes available." (Citing *Slavkin* v. *State Bar, supra,* 49 Cal.3d 894, 905.) At oral argument, however, petitioner indicated that no report was available.

Absent some sort of reliable extrinsic evidence, we have no facts with which to assess the extent and nature of any alleged mental condition, or the success of any alleged rehabilitative efforts. Such inquiries are critical to determining whether we risk exposing the public to additional harm by departing from the disbarment recommendation. (Compare, *Slavkin* v. *State Bar, supra,* 49 Cal.3d at pp. 905-906; *In re Lamb, supra,* 49 Cal.3d 239, 246-248.)

Even assuming petitioner's claim of "clinical depression" is true, it does not necessarily explain his misconduct in the Rivezzo matter (which occurred between May 1987 and January 1988), or his procedural default in this case (which occurred between February and June 1989). Formal proceedings in the prior disciplinary action were underway during some of this time. Yet, petitioner's "depression" did not prevent him from presenting a competent defense at the October 1987 hearing in that action.

Finally, assuming petitioner's claim of beginning "treatment" in January 1990 is true, it occurred after the review department issued its decision in this case. While treatment under any circumstances is to be encouraged, its initiation under threat of disciplinary sanction is not itself a substantial mitigating factor. (*Slavkin* v. *State Bar, supra,* 49 Cal.3d 894, 905.)

The Standards suggest disbarment is appropriate here. The unconscionable fee violation, standing alone, warrants a minimum "six-month actual suspension . . . irrespective of mitigating circumstances." (Std. 2.7.) Wilful disobedience of court orders and all other violations in the Rivezzo matter generally give rise to suspension or disbarment depending upon the strength of any factors in mitigation. (Stds. 2.3, 2.6.) Moreover, our three orders against petitioner—probation in 1988, suspension in 1989, and probation revocation in 1990—constitute three "prior impositions of discipline" within the meaning of the Standards. (Stds. 1.2(f), 1.7(b).) Thus, disbarment is warranted "unless the most compelling mitigating circumstances clearly predominate." (Std. 1.7(b).) As noted, statements in the petition for review concerning "depression" and "treatment" are far too vague and untethered to minimize either the seriousness of petitioner's past acts or the risk of recurrence.

In light of the foregoing, we adopt the disbarment recommendation.

It is ordered that petitioner Paul Charles Barnum be disbarred and that his name be stricken from the roll of attorneys in this state. It is further

ordered that petitioner comply with the requirements of rule 955 of the California Rules of Court, and that he perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days, respectively, of the effective date of this order. This order is effective upon finality of this decision in this court. (See Cal. Rules of Court, rule 953(a).)