[No. S015089. Aug. 19, 1991.]

RICHARD N. POTACK, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

COUNSEL

Richard N. Potack, in pro. per., for Petitioner.

Diane C. Yu, Richard J. Zanassi and Russell G. Weiner for Respondent.

OPINION

**THE COURT.**—We consider the recommendation of the Review Department of the State Bar Court to revoke petitioner's probation for failing to comply with our order in a prior disciplinary matter (Bar Misc. No. 5066). After considering the evidence and petitioner's contentions, we adopt the recommendation of the review department.

I. FINDINGS OF FACT

A. *Previous discipline*

Petitioner was admitted to the practice of law in December 1975. In May 1986, we adopted the recommendation of the review department that petitioner be suspended from practicing law for three years, that execution of the order for such suspension be stayed, and that petitioner be placed on probation for three years on conditions including actual suspension for one year. Pursuant to the conditions of probation, petitioner was required to take and pass the Professional Responsibility Examination, make restitution to several clients, comply with quarterly reporting requirements (such reports due on January 10, April 20, July 10 and October 10 of each year of probation) and participate in a drug rehabilitation program. Petitioner's prior misconduct leading to the discipline imposed in 1986 included the failure to perform services in a competent and diligent manner (former Rules Prof. Conduct, rule 6-102(2)), the failure to maintain a proper client trust account

(former Rules Prof. Conduct, rule 8-101(A)), the failure to refund promptly that part of a fee paid in advance that he had not earned (former Rules Prof. Conduct, rule 2-111(A)(3)), the representation of conflicting interests without obtaining the written consent of all parties concerned (former Rules Prof. Conduct, rule 5-102(B)) and the violation of his oath and duties as an attorney (Bus. & Prof. Code, §§ 6068, 6103).

## B.  *Present Misconduct*

On October 20, 1988, the State Bar Court, through its probation department, sent petitioner a letter notifying him that his October 10, 1988, report had not been filed. The letter informed petitioner that if the report was not filed within 10 days, the State Bar would file a notice to show cause why petitioner's probation should not be revoked pursuant to the Rules of Procedure of the State Bar, rule 550 et seq. Petitioner failed to timely file the report.

On November 17, 1988, the State Bar filed a notice to show cause regarding revocation of probation pursuant to rule 550 et seq. of the Rules of Procedure of the State Bar. The notice stated that petitioner had failed to comply with the conditions of his probation in that he did not file a quarterly report on or before October 10, 1988. Petitioner was notified to appear before a referee at a specific time and place "and there to show cause why it should not be recommended to the Supreme Court of the State of California that the stay of the Order of your suspension entered by the Supreme Court be set aside and revoked and that you be suspended from the practice of law in the State of California for a period of up to three (3) years. On further notice, to show cause why the State Bar Court should not order your involuntary inactive enrollment pursuant to Business and Professions Code [section] 6007 subdivision (d) and Rule 612(b) of the Rules of Procedure of the State Bar of California in the event the hearing panel recommends that you be suspended from the practice of law." The notice indicated that if petitioner did not file the report within 20 days, he would be subject to default proceedings under rule 552 of the Rules of Procedure of the State Bar. Petitioner failed to timely respond to the notice.

On November 22, 1988, petitioner filed a probation report for the October 1988 reporting period. The State Bar found that the report was not in compliance with condition 3(a) of the terms of probation because it failed to certify that petitioner had complied with all the provisions of the State Bar Act and Rules of Professional Conduct during the period specified in the report. The next day, the State Bar informed petitioner that he should submit an amended report within 10 days. When petitioner failed to comply with the State Bar's directive, he was notified (by certified mail) that a mandatory

settlement conference had been scheduled for March 1989 pursuant to former rules 1210 to 1225 of the Provisional Rules of Practice of the State Bar Court.

On February 15, 1989, the State Bar served petitioner with a notice of application to enter default, charging petitioner with failing to file an answer to the November notice to show cause as required by rule 552 of the Rules of Procedure of the State Bar. Petitioner was informed that the State Bar would seek a default on the probation revocation unless petitioner responded to the notice within 20 days. Again, petitioner failed to timely respond to the notice.

On March 8, petitioner was served with a notice of entry of default for failure to answer. The notice advised petitioner that a default had been entered against him because he failed to file a timely answer to the notice to show cause.

On March 23, petitioner was served with a separate notice to show cause regarding revocation of probation (No. 88-P-11031). The notice charged that petitioner had failed to file an amended report as required by the probation department on November 23, 1988, and further charged that petitioner violated the conditions of his probation by failing to make timely restitution to his clients. Although petitioner informed the State Bar that he would be making a motion to set aside the default, he failed to do so.

In May 1989, a default hearing was held on petitioner's failure to file a timely quarterly report. The hearing panel concluded that petitioner had willfully failed to file a report for the October 1988 period. In addition, the hearing panel found in aggravation that petitioner had failed to show he made restitution to his former clients pursuant to our May 1986 order.

## C. *Discipline*

The hearing panel recommended that petitioner be placed on actual suspension for the two remaining years of his stayed suspension.[1] One month later, petitioner moved to set aside the default. The State Bar Court denied the motion after concluding that petitioner failed to demonstrate either good cause or excusable neglect for his failure to comply with the conditions of probation.

Thereafter, the review department, by a vote of nine to five, adopted the decision of the hearing panel with the exception that it deleted the hearing

---

[1]The hearing panel further recommended that petitioner be enrolled in involuntary inactive status pursuant to Business and Professions Code section 6007, subdivision (d). This recommendation apparently was not adopted by the review department.

panel's conclusion that petitioner failed to make restitution. All five of the dissenters believed the discipline was excessive. Four dissenters recommended a three-month actual suspension with a one-year extension of probation, and the fifth dissenter recommended a three-month actual suspension without an extension of probation.

## II. DISCUSSION

Petitioner raises a number of objections to the State Bar's conclusions. As we explain, petitioner's claims lack merit. We conclude the review department recommended the correct discipline under the facts.

### A. *Notice*

■ Petitioner contends the hearing panel abused its discretion when it denied his motion to set aside his default in failing to appear at the show cause hearing. He claims that a second notice to show cause issued by the State Bar erroneously led him to believe that he was not required to respond to the original notice. Petitioner asserts that he was misled by a clerk of the State Bar Court who apparently told him that the second notice to show cause would "combine the original allegation of failure to file a timely probation report with a second allegation of the late restitution payment." Petitioner claims that based on the representation of the clerk and the "overlapping orders" of the State Bar, he did not understand that he would be in default if he did not file an answer to the original notice to show cause, and he thus had no opportunity to present mitigating evidence (apparently to explain the default) to the State Bar. The record shows, however, petitioner was not misled as to his responsibilities in this regard.

As the State Bar observes, the initial notice to show cause charged petitioner with violating the conditions of his probation because he failed to file an October 1988 probation report. Petitioner eventually filed a report (in late November) that did not comply with the terms of our 1986 order. Although petitioner was notified of the deficiency, he failed to submit an amended report. In addition, the record shows that petitioner chose to ignore several notices regarding his noncompliance with the original notice to show cause. Accordingly, his assertion that he was "misled" by the notices is meritless.

### B. *Aggravating Evidence*

■ Petitioner contends he was prejudiced by the fact that the hearing panel incorrectly considered as an aggravating factor his failure to make timely restitution to several former clients as required by our 1986 order.

He asserts: "In fact, by the time the original statement of decision was decided, full restitution had been made to each client." Petitioner is incorrect in asserting that full restitution had been made before the hearing panel's decision was filed with the State Bar Court. Indeed, in his declaration in support of the motion to set aside the default, petitioner admits that full restitution was not made until May 30, 1989, nearly 15 days after the hearing panel's decision was filed. Thus, although it would have been improper for the hearing panel to use petitioner's failure to pay restitution as an independent ground of discipline, such misconduct was properly considered as establishing a circumstance in aggravation. (*Edwards* v. *State Bar* (1990) 52 Cal.3d 28, 36 [276 Cal.Rptr. 153, 801 P.2d 396].)

In any event, as we explained, the review department did not consider petitioner's failure to make timely restitution as a factor in aggravation when it adopted the hearing panel's recommended discipline. Accordingly, petitioner's contention is without merit.

C. *Excessive Discipline*

█ Petitioner asserts that two years' actual suspension for the failure to file a probation report that complied with the "precise language" of our order is excessive because he: (i) filed a timely report indicating he "was complying with all the terms and conditions of his probation," (ii) complied with every other condition of his probation, (iii) timely responded to the second order to show cause and presented extensive evidence of circumstances in mitigation that "would warrant that any proposed discipline not include any further actual suspension," and (iv) has performed substantial pro bono work and is active in community volunteer work. In addition, petitioner argues that a member of the review department should have abstained from voting on the hearing panel's recommended discipline because he was appointed as the referee to decide petitioner's motion to set aside the default judgment, which was denied without a hearing. Petitioner makes several requests for alternative relief, namely: that a mitigation hearing be held before a judge of the State Bar Court, or that an extended period of probation without actual suspension be imposed. As we explain, we find petitioner's contentions to be without merit.

The scope of our review is well established. █ The recommendation of the review department, while not binding on this court, is entitled to great weight. (*Ainsworth* v. *State Bar* (1988) 46 Cal.3d 1218, 1233 [252 Cal.Rptr. 267, 762 P.2d 431, 86 A.L.R.4th 1053].) The burden is on petitioner to show the findings are not supported by the evidence or that the review department recommendation is erroneous. (*Chefsky* v. *State Bar* (1984) 36 Cal.3d 116, 121 [202 Cal.Rptr. 349, 680 P.2d 82].) To meet his burden, petitioner must

demonstrate that the charges of misconduct are not supported by clear and convincing proof. (*Ibid.*)

■ Petitioner has failed to carry his burden. In our view, the review department correctly determined that petitioner willfully failed to comply with the terms of his probation after he was given ample opportunity by the State Bar. Our 1986 order stayed execution of suspension on the condition that petitioner comply with specified terms and conditions of probation. Although petitioner attempts to minimize his probation violation and subsequent misconduct with respect to the default proceedings, his failure to abide by the terms and conditions of his probation is a serious violation, warranting the review department's recommendation that our 1986 order staying suspension be set aside. (Cal. Rules of Court, rule 955(e); *Barnum* v. *State Bar* (1990) 52 Cal.3d 104, 107 [276 Cal.Rptr. 147, 801 P.2d 390] [probation breach amounts to indifference toward rectification].)

D. *Conclusion*

After an independent review, we conclude the review department's recommendation revoking probation and lifting the stay on two years' actual suspension is sound. Accordingly, we adopt the recommendation as our own and order that petitioner's probation be revoked and that he commence the remaining period of his suspension and comply with the other conditions of our order in State Bar Misc. No. 5066.

This order is effective upon finality of this decision in this court. (See Cal. Rules of Court, rule 953(a).)