Filed 6/25/13  Karnazes v. Ferry CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ELIZABETH KARNAZES,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>JOHN EARL FERRY,<br><br>       Defendant and Appellant. | A132500<br><br>(San Mateo County<br>Super. Ct. No. CIV-503749) |
| ELIZABETH KARNAZES,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>KIRSTEN JEAN PETERSEN,<br><br>       Defendant and Appellant. | A132501<br><br>(San Mateo County<br>Super. Ct. No. CIV-503541) |

**I. INTRODUCTION**

The two civil harassment proceedings underlying these appeals arise out of plaintiff Elizabeth Karnazes's limited legal representation of defendants John Ferry (appeal No. A132500) and Kirsten Petersen (appeal No. A132501), and an arrangement to which the three agreed whereby Petersen worked for Karnazes, in part as a legal assistant, in exchange for Karnazes's legal services.  As the relationship soured, Karnazes, on the one hand, and Ferry and Petersen, on the other, made heated accusations against one another.  Karnazes eventually obtained civil restraining orders against Ferry and Petersen.

Ferry and Peterson appeal from several orders issued during the proceedings: (a) orders issued May 24, 2011, granting Karnazes's ex parte requests for a continuance of the hearing date on her restraining order applications; (b) orders issued June 30, 2011, denying Petersen's motion to consolidate the two harassment proceedings and denying Petersen's and Ferry's motions to further continue the hearing date; and (c) the restraining orders issued July 1, 2011. For the reasons set forth, we affirm the challenged orders.[1]

## II. FACTUAL AND PROCEDURAL BACKGROUND

On February 28, 2011, Karnazes filed an application for a civil restraining order against Petersen (form No. CH-100). Karnazes alleged she met Petersen while at the San Mateo County courthouse, and Petersen later called Karnazes and said she was an experienced legal secretary looking for work. Karnazes considered hiring her. Karnazes further alleged that between February 26 and 28, Petersen made a number of threats, including that she would " '[n]ail [Karnazes] in' " and " '[b]urn [her] out' " of her house, that she would beat up Karnazes, and that Peterson's son, who was an inmate at San Quentin at the time, might come after her. Karnazes further alleged Petersen stole "thousands of dollars" and legal files, which Petersen was "holding for ransom" to force Karnazes to provide legal services. She also alleged Petersen threatened to circulate a defamatory flier and picket at Karnazes's house and at the San Mateo County courthouse. She additionally alleged Petersen had altered legal documents and filed them with the court without Karnazes's authorization, and had also used Karnazes's legal letterhead without permission. On the basis of Karnazes's application, the trial court issued a temporary restraining order (TRO) (form No. CH-120) prohibiting Petersen from being

---

[1] After reviewing the records in both appeals, we concluded limited consolidation for and disposition was appropriate and issued an order effectuating such.

2

within 100 yards of Karnazes and requiring her to return Karnazes's property and legal files, and set a hearing for March 18, 2011.

Less than two weeks later, on March 7, 2011, Karnazes filed an application for a civil restraining order against Ferry (Form CH-100). Karnazes alleged she met Ferry through Petersen, his "live-in girlfriend," and at Petersen's behest had provided legal services to Ferry. Karnazes repeated all the allegations she had previously made as to Petersen. She further alleged Ferry was stalking her, had left a threatening telephone message, had written a "bizarre" letter to a judge "defaming" her, had "apparently" broken into her house and had threatened her by telling her he had a third degree black belt in martial arts and owned firearms. She also claimed Ferry would not meet with her without Petersen present and asserted she was "terrified" of Petersen and her son, and Ferry. On the basis of Karnazes's application, the trial court issued a TRO (form No. CH-120) prohibiting Ferry from being within 100 yards of Karnazes and set a hearing for March 29, 2011.

On March 11, 2011, the trial court reissued the TRO against Petersen (form No. CH-125). Karnazes claimed Petersen was continuing to threaten, harass and stalk her, was avoiding service of process, and was communicating with opposing counsel in Karnazes's cases and disclosing privileged information she learned while working for Karnazes as a legal assistant. The court reset the hearing on Karnazes's application for a civil restraining order to April 5, 2011. On April 1, 2011, the trial court reissued the TRO against Petersen for a second time on the basis of the same claims by Karnazes. The hearing on Karnazes's application was reset to April 14, 2011.

In the meantime, on March 28, 2011, the trial court reissued the TRO against Ferry (form No. CH-125). Karnazes claimed Ferry was also continuing to threaten, harass and stalk her, and was avoiding service of process. The court reset the hearing on Karnazes's application against Ferry to April 15, 2011.

3

On April 11, 2011, Petersen and Ferry filed motions to consolidate the two civil harassment proceedings and to continue the hearings on Karnazes's applications. The assertions in the motions were virtually identical. They claimed Ferry had paid Karnazes to help him file an amended complaint in a civil action so that case would be reclassified as one of unlimited jurisdiction. However, because of Karnazes's allegedly incompetent work, the motion to amend and a renewed motion had been denied. They also complained Karnazes never provided a written fee agreement. They further alleged Karnazes had agreed to help Petersen with a legal matter and also a possible legal action by Petersen's son. They alleged Petersen was a legal secretary and had Ferry's power of attorney, and Karnazes had agreed to provide legal services in part in exchange for work by Petersen. They asserted Petersen incurred expenses for which she should have been reimbursed. Petersen also claimed she observed unethical practices by Karnazes and had become uncomfortable working as she instructed. When Peterson expressed concern, Karnazes allegedly became angry and threatened her. Petersen did not take these threats seriously because Karnazes had made prior threats to commit suicide and had a long history of mental health issues. When the relationship between the three deteriorated, Petersen disclosed some of this information to Ferry. Petersen and Ferry tried to meet with Karnazes to put into writing the "assurances" they had assertedly been given by Karnazes. When she avoided them, Petersen and Ferry "realized" Karnazes was trying to avoid her responsibilities to them. Petersen and Ferry then went to the police, and Petersen "divulged" Karnazes' threats on Petersen's life. Peterson and Ferry further asserted Karnazes had "wrongly obtained" the restraining orders against "innocent" persons who had "initiated . . . legal processes" to hold Karnazes "accountable for her devious conduct toward them." They also claimed Karnazes's proofs of service were fraudulent.

The same day, Petersen and Ferry also filed answers to Karnazes applications for restraining orders (Forms CH 110). They alleged Karnazes was retaliating for their

4

efforts to "redress [their] grievances" against her, and they asserted consolidation and a continuance of the hearing were warranted.

On April 14, 2011, the court heard Petersen's motions. The court continued the hearing on the application for a civil restraining order to May 27, 2011, with the TRO remaining in effect, and put the motion to consolidate over to the following day, when Ferry's motions were set for hearing.

On the same day, April 14, 2011, Karnazes filed a "notice of unavailability" from April 15 to May 20. She claimed to have a long-scheduled trip planned that was unchangeable and nonrefundable. The next day, on April 15, 2011, the court heard Ferry's motions. The court also continued the hearing in the harassment proceeding against him to May 27, 2011, with the TRO remaining in effect. The court declined to rule on the motions to consolidate, leaving them for the trial judge to decide.

On April 29, 2011, Ferry filed a notice of related case in the proceeding against him. On May 5, 2011, Petersen filed an amended motion to consolidate in the proceeding against her. The import of her amended motion was the same as her original motion, although the amended motion was more heated in tone.[2]

On May 10, 2011, Petersen filed a notice to Karnazes "to appear at trial and to produce documents" at the May 27, 2011 hearing. The next day, on May 20, Petersen and Ferry filed "notices of unavailability" from July 1, 2011 to August 1, 2011. They did not, however, provide any explanation as to why they would be unavailable.

On May 23, 2011, the parties engaged in a series of telephone and FAX communications. The upshot was that Petersen filed a crime report, complaining of a 5:20 a.m. telephone call from Karnazes. Karnazes, in turn, proceeded with ex parte

---

[2] At this juncture, Petersen and Ferry treated the proceeding against Petersen as the "lead" case. Petersen thus filed a motion for consolidation, whereas Ferry filed a notice of related case in the proceeding against him. Accordingly, when the issue of consolidation was ultimately heard, the calendar court ruled on and denied only one motion to consolidate, by Petersen.

requests for a continuance of the hearing date on her civil harassment applications, claiming her chosen attorney and several witnesses were unavailable on the scheduled date. She also represented that Petersen and Ferry did not oppose a continuance. The court granted the requests, continued the TROs in effect, and reset the hearings for June 30, 2011.

On May 27, 2011, Petersen and Ferry appeared in court and were told the proceedings had been continued to June 30. Petersen stated they had been unaware of the ex parte hearing and asserted Karnazes had misrepresented that she and Ferry wanted a continuance.

The same day, Petersen and Ferry filed their own motion to continue the hearing date from June 30, 2011 to August 12, 2011, on the ground they needed time for discovery. Petersen also filed yet a third (second amended) motion to consolidate.

A week and a half later, on June 7, 2011, Petersen and Ferry filed amended motions to continue the hearing date and requested sanctions for Karnazes's alleged failure to "meet and confer" and allegedly improper ex parte request to continue the hearing dates and misrepresentations to the court. Karnazes filed written opposition to the amended motions to continue, and Petersen and Ferry filed replies. Karnazes did not file written opposition to Petersen's second amended motion to consolidate.

On June 30, 2011, the proceedings against Petersen and Ferry were called on the calendar at the same time. Karnazes was late, having gone to the police department that morning to make a complaint about Ferry. The calendar judge ruled first on Petersen's motion to consolidate, which Karnazes orally opposed on the ground she wanted all witnesses at the hearings excluded until called. The court denied Petersen's motion, explaining restraining orders are issued against an individual based on his or her own conduct and the court did not believe any efficiencies would result from consolidation for all purposes. However, the calendar judge also stated the manner in which the evidence

6

would be presented at the hearings would be left to the judge who would be assigned to hear the matters.

The calendar judge next addressed Petersen's and Ferry's motions to continue. They claimed they were entitled to discovery from Karnazes and had received none. The court also denied these motions, explaining the civil discovery rules do not apply given the compressed time frame of civil harassment proceedings. The court further explained that most of the evidence Petersen identified as being of concern could be readily presented by the parties. As to other items, the court was not persuaded of its relevance. Ferry also advised the court the only witnesses he and Petersen anticipated calling were themselves. Petersen and Ferry also finally disclosed the basis for their claimed unavailability from July 1 to August 1, that they were moving, the house they were moving into was being "remodeled" and they were doing the work, and their "case materials" were "packed." After the court stated it would not schedule the hearing on a day hired movers would be working, Petersen stated the only day movers were scheduled was July 9. Ultimately, the court concluded it was "in everyone's best interest" for the matters to be resolved, and denied the motions to continue. There were no courtrooms available for a day-long hearing in August, but there was a courtroom available the following day, on July 1, and the court continued the matter to be assigned out accordingly. At the conclusion of the hearing, Petersen asked to review the court file and was directed to the clerk's office.

That same day Petersen and Ferry filed notices of appeal from the May 24 orders granting Karnazes's ex parte requests to continue the hearing dates from May 27 to June 30 and from the June 30 orders denying Petersen's second amended motion to consolidate and their motions for a further continuance of the hearings.

The following day, July 1, 2011, the two proceedings were again called on the calendar. Petersen and Ferry did not appear, nor did they appear in the court to which the proceedings were assigned for hearing despite attempts by the court clerk to contact them

7

by phone.[3] The hearings proceeded, and Karnazes testified on her own behalf and averred to the truth of her allegations against Petersen and Ferry. The trial court found Karnazes' testimony provided clear and convincing evidence to support the issuance of the requested restraining orders, and issued three-year orders (form No. CH-140) prohibiting Petersen and Ferry from coming within 100 yards of Karnazes, her house and workplace, her vehicle, and any animals she owned. The orders further prohibited Petersen and Ferry from disclosing to anyone any privileged information about Karnazes or Karnazes's clients. While the court expressed some doubt about including this prohibition in the restraining orders, it concluded it had been approved by the judge who had issued the TROs and included a similar prohibition. The court recognized Petersen and Ferry had First Amendment rights, but agreed with Karnazes those rights did not "extend[] to the right to disclose privileged information . . . [Petersen] learned while working" as her legal assistant. The court also stated that if Petersen and Ferry wished to "come in and litigate that at some point, we'll be happy to take [them] up on that."

On July 8, 2011, Petersen and Ferry filed amended notices of appeal that included the July 1 restraining orders.

### III. DISCUSSION

*Denial of Consolidation*

"When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." (Code Civ. Proc., § 1048, subd. (a).) "Code of Civil Procedure section 1048 grants discretion to the trial courts to consolidate actions involving common questions of law or fact. The trial

---

[3] In their opening briefs, Petersen and Ferry intimate they failed to appear because they mistakenly believed their notices of appeal of the prior orders "stayed" the merits hearing.

8

court's decision will not be disturbed on appeal absent a clear showing of abuse of discretion." (*Todd-Stenberg v. Dalkon Shield Claimants Trust* (1996) 48 Cal.App.4th 976, 978–979.)

Petersen and Ferry complain Karnazes failed to file written opposition to Petersen's second amended motion to consolidate.[4] They further contend Karnazes's oral opposition to consolidation voiced at the June 30 calendar hearing—based on her desire to have witnesses excluded at the hearings—was not weighty enough to deny consolidation. They also assert the calendar judge was wrong in concluding judicial efficiency did not warrant consolidation.

None of these complaints demonstrate a prejudicial abuse of discretion by the court. While it would have been better practice for Karnazes to have filed written opposition to Petersen's motion, it was well within the court's discretion to allow her to orally argue against the motion. Karnazes's desire to have witnesses excluded during the civil harassment hearings was also a legitimate basis to oppose the motion. Finally, the court acted well within its discretion in concluding consolidation would not effect any significant economy of judicial resources. The proceedings were already being heard in tandem, and the calendar judge left it to the trial judge to determine how to best handle the presentation of evidence. Since Petersen and Ferry failed to appear at the hearing, they also cannot make any showing as to how they were conceivably prejudiced by the lack of consolidation.

### Denial of a further continuance

Unless a specific continuance statute applies, trial courts "have broad discretion in deciding whether to grant a request for a continuance." (*Freeman v. Sullivant* (2011) 192 Cal.App.4th 523, 527.) Although an order granting or denying a continuance is not

---

[4] We assume, without deciding, that Ferry was "aggrieved by" the order denying Petersen's second amended motion to consolidate and therefore can challenge the order on appeal.

itself appealable, it may nonetheless be reviewed on appeal from a related judgment. (*Ibid.*) In this context, the order "is reviewed under the abuse of discretion standard. [Citation.] Such decisions will be upheld unless a clear abuse is shown, amounting to a miscarriage of justice." (*Bussard v. Department of Motor Vehicles* (2008) 164 Cal.App.4th 858, 863; *Freeman v. Sullivant*, *supra*, 192 Cal.App.4th at p. 528 ["the burden to demonstrate prejudice is on the appellant"].)

Petersen and Ferry challenge both the May 24, 2011, orders granting Karnazes's ex parte requests to continue the hearings on her applications for civil restraining orders from May 27 to June 30, and the June 30, 2011, orders denying their motions for a further continuance.

They level a host of accusations at Karnazes, but basically complain that she made misrepresentations to the court, failed to make an adequate showing and failed to provide proper notice of her ex parte requests for a continuance of the hearing date. Karnazes's written requests were procedurally adequate, and Petersen and Ferry are basically disputing the credibility of her declarations. It was the province of the trial court to assess Karnazes's credibility. (See *Tucker v. Pacific Bell Mobile Services* (2010) 186 Cal.App.4th 1548, 1562.) The court did so, and there is no basis in the record to find any abuse of discretion. Petersen and Ferry also cannot show prejudice, in any event, since they subsequently filed motions for a further continuance and had a full opportunity to argue those motions. Although those motions were denied, there was no abuse of discretion as to those rulings either, as we next discuss.

Petersen and Ferry make a host of complaints about the denial of their motions for a further continuance. Basically, they assert their motions were more extensive than Karnazes' ex parte requests and claim they were not fairly treated by the court. The record does not demonstrate any abuse of discretion by the court in denying Petersen's and Ferry's motions to continue. On the contrary, the record shows the court was exceedingly patient with the parties and listened to all their arguments. Although

10

Petersen and Ferry assert the court at first appeared to be receptive to their request, as we read the record, the court was not even initially receptive to a continuance of the duration they wanted. Moreover, as the hearing continued and the court learned more concrete information about the parties' circumstances, it determined the proceedings "need[ed] to come to a conclusion." The court reviewed with Petersen her claims that she and Ferry needed additional discovery. As the court explained, they had no right to formal discovery, and all relevant evidence could be presented through their own testimony. When Petersen and Ferry finally disclosed the basis of their asserted "unavailability" during the entire month of July—that they were moving, the house to which they were moving was being remodeled and they were doing the work, and their files were packed—the court understandably deemed this an insufficient reason not to appear for an entire month. In light of all the circumstances, which also included that Karnazes was ready to proceed with witnesses and no courtrooms were available for an all-day hearing during August, the court acted well within its discretion in denying any further continuance and scheduling the hearings for the following day.

### *The Restraining Orders*

Ordinarily, we review a restraining order issued in a civil harassment proceeding under the substantial evidence standard. (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188; *Bookout v. Nielsen* (2007) 155 Cal.App.4th 1131, 1137 ["injunctions issued under Code of Civil Procedure sections 527.6 and 527.8, which prohibit civil harassment, are reviewed to determine whether the necessary factual findings are supported by substantial evidence"].)

However, as we have recited, Petersen and Ferry failed to appear at the hearing. Accordingly, they waived their right to make their own evidentiary showing (Code Civ. Proc., § 594, subd. (a); *Au-Yang v. Barton* (1999) 21 Cal.4th 958, 965 [with notice of

11

continued[5] trial date, litigant fails to appear at own peril]; *People ex rel. San Francisco Bay Conservation etc. Com. v. Smith* (1994) 26 Cal.App.4th 113, 128) and waived any objections to Karnazes' evidence (see *Barnum v. State Bar* (1990) 52 Cal.3d 104, 110 ["such objections have been waived by his failure to appear and object below"].)

Unfortunately, they have used their briefs on appeal to put forward the defenses and arguments they apparently would have made had they appeared at the trial court hearing, including that Karnazes suffers from mental health impairments and is a consummate liar, and that they were the victims here, not Karnazes. These arguments are unsupported by any citations to the record of the hearing, of course, since Petersen and Ferry failed to appear. They are therefore wholly improper on appeal (see Cal. Rules of Court, rule 8.204(a)(1)(C) ["Each brief must [¶] . . . [¶] [s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears. . . ."]), and we do not consider them.[6] (See *Warfield v. Summerville Senior Living, Inc.* (2007) 158 Cal.App.4th 443, 448 [argument "unsupported by citations to the record . . . is deemed waived"].)

The one argument they advance that is not a challenge to the weight of the evidence, the inferences to be drawn or Karnazes's credibility—all challenges they forfeited by failing to appear at the hearing—is the contention certain language in the restraining orders is "vague." They specifically refer to the directive that they are not to

---

[5] Under Code of Civil Procedure section 594, 15 days' notice of a hearing or trial must ordinarily be given before a trial court may take action against an absent party. This notice requirement does not apply to a continued trial date, as we have here. (*Au-Yang v. Barton*, *supra*, 21 Cal.4th at p. 965.) Having been in court on June 30, 2011, Peterson and Ferry were also fully aware the proceedings had been continued for trial to the following day.

[6] We reiterate, as the trial court advised Petersen and Ferry, that as a pro. per. plaintiff, Karnazes is *not* held to a "higher" standard than Petersen and Ferry. On the contrary, parties representing themselves, are held to the same standard as counsel appearing in court. (See *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543 [pro. per. "litigants are held to the same standards as attorneys"].)

"disclose any privileged information about Elizabeth Karnazes or Elizabeth Karnazes's clients in her law practice." They characterize this language as a "privilege label" that has no "standards for interpretation and enforcement." We disagree. The record contains ample basis to conclude Petersen and Ferry are fully aware of the conduct they have engaged in the past with respect to Karnazes's confidential and privileged information, including with respect to Karnazes's personal health and with respect to clients for whom Karnazes has provided legal representation, and which is now prohibited by the restraining orders. It also bears mention in this regard that Petersen not only holds herself out as an experienced legal secretary, but she also worked as a legal assistant for Karnazes. Therefore, she is well versed on what constitutes confidential attorney-client information, and clearly has shared with Ferry her knowledge in this regard.[7]

---

[7] In her opening brief, Petersen also contends the proceeding against her is a SLAPP action. This is an argument she never made in the trial court, and she, perforce, never made a special motion to strike under the anti-SLAPP statute. We therefore do not consider this argument on appeal.

13

## IV. DISPOSITION

The challenged orders are affirmed.[8]  Respondent to recover costs on appeal.

_____
Banke, J.

We concur:

_____
Margulies, Acting P. J.

_____
Dondero, J.

---

[8]  The request for judicial notice filed on December 19, 2011, and which was deferred pending disposition of the appeal is denied.  The matters as to which judicial notice is requested are not relevant to the issues properly before the court.  In addition, while the request for judicial notice that was filed on September 21, 2011, was granted by order dated November 21, 2011, upon further review of the record, we determine judicial notice was improvidently granted and now vacate that order and deny that request for judicial notice as none of the matters as to which notice was sought are relevant to issues properly before the court.